O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 08-5324 DOC (RC)            Date: SEPTEMBER 26, 2008

Title: NICK A. KOLEV v. NISSIM DAVIDI, et al.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                                  Date:_____ Deputy Clerk: _____

---

PRESENT:

                 THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                             Not Present
    Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DENYING MOTION TO DISQUALIFY

       On September 22, 2008, Plaintiff Nick A. Kolev, for reasons that remain somewhat unclear, moved to disqualify Magistrate Judge Rosalyn M. Chambers under 28 U.S.C. §§ 144 and 455. Essentially, Kolev contends that Judge Chambers is biased because she ruled that the court lacked jurisdiction to entertain Kolev's claims regarding allegedly unlawful wiretapping.

       A judge must recuse herself where "[s]he has a personal bias or prejudice concerning a party," or "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455. Under the latter, broader standard, the Court must determine whether an objectively reasonable layperson might find that Judge Chambers' impartiality could reasonably be questioned. *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147 (1994) (objective standard); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859, 108 S. Ct. 2194 (1988) (discussing objective standard); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144-45 (9th Cir. 2001) ("whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." (*quoting United States v. Wilkerson*, 208 F.3d 794, 797

(9th Cir. 2000))); *In re Kensington Int'l, Ltd.*, 368 F.3d 289, 302-303 (3d Cir. 2004) (reasonable layperson outside of judicial system).

      Plaintiff has submitted no evidence from which a reasonable person could so conclude. He claims, in essence, that Judge Chambers tends to favor the government over non-government litigants, especially *pro se* plaintiffs.  He contends that she was the "mover and shaker" behind a number of *pro se* civil rights cases which never made it to trial.  Further, he points out that Judge Chambers consistently rejected his invalid service of process and that she ruled against him in two unrelated cases filed five years apart.

      He goes on to proffer a number of, somewhat puzzling, conspiracy theories: that Judge Chambers is an intelligence agent for the United States government; that she is part of a group of "militarized judges;" that she is an insurance agent in Mississippi; that she is part of a conspiracy to protect the "Jewish Interest;" etc.

      Finally, he makes a number of highly derogatory statements about Judge Chambers that are unfit for judicial proceedings and violate the Court's standards of decorum.

      None of these "facts" give rise to any reasonable inference of bias or prejudice on the part of Judge Chambers.

      Accordingly, Plaintiffs Motion is hereby DENIED.

      The Clerk shall serve this minute order on all parties to the action.